Conway B, Judge. This was an action brought by Carneal against Thompson and Hanly, by petition in debt, instituted the 18th of September, 1846, on a promissory note due the 15th of May, 1838. Process appears not to have been legally executed on either of the defendants, but Hanly appeared and pled seven pleas. Among them were three setting up the statute of limitations. To these the plaintiff replied his non-residence of the State. Hanly demurred to the replications and the court sustained the demurrer. The plaintiff excepted and rested on his exception. Final judgment was rendered against him and he has brought error. Previous to the act of the 14th January, 1843, there was no limitation on causes of action belonging to non-residents. That act being simply a repeal of this exception in favor of non-residents, they had the same time after the passage, for the institution of suit as residents had prior to its enactment. Watson vs. Higgins, 2 Eng. R. 475. Three years was then the limitation to residents for actions on promissory notes. Consequently the right of non-residents to sue on such causes of action then existing expired the 14th of January, 1846. But the act of December the 14th, 1844, again restricted non-residents to their rights of action then existing. By it they were allowed but two years after its passage for suit in such causes. In this case the action appears to have been instituted before the expiration of two years from the 14th of December, 1844, and as the plaintiff by his replications brought himself within the saving of the statute, the court erred in sustaining the demurrers to the replications. The judgment is therefore reversed.